JOHN R. PEAR, Plaintiff in Error, vs. THE CITY OF EAST
ST. LOUIS et al. Defendants in Error.

*Opinion filed June 22, 1916.*

RES JUDICATA—*when tax-payer is bound by decree of Federal court against a city.* A decree by a Federal court, in a suit by a water company against a city, enjoining the city from repealing a certain ordinance granting the water company its rights or doing anything in violation thereof and holding void a certain ordinance purporting to repeal the water ordinance, is binding upon a tax-payer of the city who is not affected any differently from other tax-payers, and he is not entitled to maintain a bill against the city to enjoin it from carrying out the provisions of the ordinance upon the ground that it was not properly passed.

WRIT OF ERROR to the City Court of East St. Louis; the Hon. R. H. FLANNIGEN, Judge, presiding.

SILAS COOK, and WILLIAM A. KOERNER, for plaintiff in error.

BARTHEL, FARMER & KLINGEL, for defendant in error City Water Company of East St. Louis and Granite City.

Mr. JUSTICE FARMER delivered the opinion of the court:

The bill in this case was filed by plaintiff in error (hereafter referred to as complainant) to have a certain ordinance of the city of East St. Louis, known as ordinance No. 1972, declared void on the ground that it had never been legally passed by the city council, and to enjoin the appropriating or paying of any money, by city warrant or otherwise, under the provisions of said ordinance, to defendant in error the City Water Company of East St. Louis and Granite City, its successors or assigns. The ordinance alleged to be void, consisting of six sections, is set out in the bill, and authorizes the City Water Company of East St. Louis and Granite City to maintain and operate its water-works system as now constructed in the city of East

St. Louis or as may hereafter be enlarged or extended; to lay and remove, repair and maintain, water pipes, mains, fire hydrants, fixtures and appurtenances in the present and future streets, alleys and public places in the city of East St. Louis, and to supply water in said city for domestic, public, manufacturing and other purposes. The license was for a period of thirty years, and fixed the charges authorized to be made by the water company for its service in furnishing water, and other details not necessary to be set out in this opinion. The ordinance provided for its acceptance in writing by the water company being filed with the city clerk and the payment by said company to the city of the sum of $75,000 within twenty days from the passage and approval of the ordinance. The ordinance purports to have been passed July 6, 1914, and within twenty days it was accepted in writing by the water company and the payment of $75,000 made by it to the city.

The bill in this case was filed in the city court of East St. Louis February 6, 1915. It was filed by complainant as an owner of real and personal property in the city of East St. Louis and as a tax-payer upon said property in said city. The city of East St. Louis, the mayor, other city officers and the aldermen of said city, and the City Water Company of East St. Louis and Granite City, were made defendants to the bill. It was not alleged that the ordinance was oppressive or unreasonable or that the city was without power to pass it, but that it was not legally passed. The allegations of the bill upon this question in substance are, that on January 5, 1914, the ordinance was presented to the city council and referred to the water committee. It was not again brought before the council until July 6, 1914, at a regular meeting of the council, when the water committee reported recommending its passage at that meeting, and it was adopted by a vote of twelve for and three against. The bill alleges that when the report of the water committee was read, aldermen Gavin and Haggerty re-

quested that any further action upon the report be deferred until the next regular meeting of the council. Their request for postponement was not granted and the ordinance was put upon its passage and passed, as before stated. The minutes of the clerk of the meeting of July 6, 1914, were read at the council meeting held July 13 and approved. They did not show the objection of the two aldermen to further action upon the report of the water committee at the meeting held July 6, 1914. On the 20th of July the city clerk addressed a communication to the mayor and council, stating the minutes of July 6 were incorrect in omitting to state that aldermen Gavin and Haggerty requested the postponement of final action on the report of the water committee until the next regular meeting of the council. The communication stated said aldermen did object to final action at the July 6 meeting and requested that such action be deferred until the next regular meeting. The consent of the council was asked for the correction of the minutes. No correction was made, however, until December 7, when a resolution was adopted directing the correction of the minutes to show the request of two aldermen at the meeting held July 6 that no action be taken upon the report of the water committee and the ordinance until the next regular meeting.

It is the theory of the bill that the ordinance was never legally passed and is void. This contention is based upon section 15 of article 3, chapter 24, Hurd's Statutes of 1913, which reads as follows: "Any report of a committee of the council shall be deferred, for final action thereon, to the next regular meeting of the same after the report is made, upon the request of any two aldermen present."

The City Water Company of East St. Louis and Granite City was the only defendant answering the bill. The answer set out the passage of the ordinance and averred that it was legally passed. The answer further averred that the water company filed its acceptance of the ordinance on

July 10, 1914; that it paid to the city of East St. Louis $75,000, which was retained by the city and which has been expended and disbursed for various municipal purposes, and that it has since been, and now is, operating its plant in the city of East St. Louis under said ordinance. The answer further averred that on August 17, 1914, the city council directed the mayor to file a complaint on behalf of the city against the water company before the State Public Utilities Commission with a view to modifying the rates, charges and practices theretofore in force as specified in schedules on file with the utilities commission, and asking that the said utilities commission require a reduction of the rate charged per 1000 gallons for water and make some other changes in the customs and practices of the water company in the exercise of its license; that the water company, the city of East St. Louis and a committee of citizens representing a citizen's organization of said city reached an agreement as to all the matters in controversy, made and filed a schedule with the utilities commission of rates, charges, etc., which schedule was approved by said commission and is now in force and on file as required by law. The answer averred that by reason of the facts (set out in much more extensive detail than we have stated them) the city of East St. Louis, and every citizen and tax-payer of said city, are estopped from complaining that the ordinance is invalid. The answer further averred that in October, 1914, the city passed an ordinance (No. 1983) purporting to repeal the license ordinance (No. 1972.) Thereupon the water company filed its bill in the United States district court for the eastern district of Illinois to enjoin the city of East St. Louis from disregarding and treating ordinance No. 1972 as repealed, from interfering with the water company's rights under said ordinance, and asking that the repealing ordinance be declared void. The city of East St. Louis, the only defendant to the bill, did not answer and was defaulted. A decree was entered by the United States district court ad-

judging and declaring the repealing ordinance (No. 1983) unconstitutional, illegal and void, and enjoining the city of East St. Louis, its officers, agents and servants, from doing any act or thing in violation of the provisions of the contract between the parties as contained in ordinance No. 1972, from treating said ordinance as invalid or repealed, and from any action, by ordinance or resolution, to repeal or interfere with the validity of said ordinance No. 1972. The bill, the ordinances and the decree of the United States district court are set out in full in the answer, and the decree is relied upon as a bar to this action. The trial court, after the hearing, dismissed the bill for want of equity, and certified that the validity of an ordinance was involved and the public interest required it to be passed upon by this court, and complainant has sued out this writ of error.

The four principal questions raised by the pleadings and argued in the briefs are: (1) Whether a suit of this kind can be maintained on behalf of and in the name of one individual tax-payer; (2) whether the ordinance No. 1972 was legally passed; (3) whether, upon equitable grounds and principles, the city, and the tax-payers residing therein, are now estopped to question the validity of the ordinance; (4) whether the decree of the Federal court pleaded is *res judicata* of the issues here involved.

The first three propositions we shall not discuss or determine, as it seems certain that the decree of the Federal court is conclusive against complainant here. Complainant was not personally made a party defendant to the bill in the suit in the Federal court, and on that ground, as well as upon the contention that the validity of ordinance No. 1972 was not necessarily involved in and decided by that case, it is insisted the decree is not binding upon the complainant.

The power of the city to adopt the ordinance is not questioned, and no facts pleaded show the city or its inhabitants have suffered any wrong or injury, other than the

allegation that the ordinance was not legally adopted. If it was a valid ordinance, its acceptance by the water company made a valid and binding contract between it and the city and imposed the duty upon the city of performing its part of the obligation. After the ordinance was accepted and acted upon by the water company the city denied it was bound by it and passed an ordinance purporting to repeal it. The suit in the Federal court involved the question whether the city was bound by ordinance No. 1972, and the decision of that question depended upon whether it was a legal ordinance and whether it had the power to repudiate and repeal it. This was a matter of general interest to all the tax-payers of the city, and though complainant was not personally made a party to that suit, his rights as a tax-payer will be deemed to have been as effectually presented and protected as if he had been personally present. The issues in that case involved the right of the tax-payers to be relieved of the obligations imposed by the ordinance, which is the same question involved in this case. It is not claimed complainant has sustained or will sustain any wrong or injury different from that sustained by the tax-payers of the city generally. The precise questions raised in this case were or might have been adjudicated in the case in the Federal court. Complainant was a party to that suit by representation and the decree is binding upon him. *Harmon* v. *Auditor of Public Accounts,* 123 Ill. 122; *Hale* v. *Hale,* 146 id. 227; *McCampbell* v. *Mason,* 151 id. 500; *County of DeWitt* v. *Leeper,* 209 id. 133; *Healy* v. *Deering,* 231 id. 423; *Ward* v. *Field Museum,* 241 id. 496; *People* v. *Harrison,* 253 id. 625.

As this conclusion renders necessary an affirmance of the decree, the other questions raised will not be discussed.

The decree is affirmed.        *Decree affirmed.*