MORTON MOTOR COMPANY, *et al.*, *v.* PUBLIC SERVICE COMMISSION AND WEST VIRGINIA WATER SERVICE COMPANY

(No. 7024)

Submitted September 2, 1931. Decided September 8, 1931.

*H. F. Porterfield* and *Russell S. Ritz,* for appellants.

*Sanders, Crockett, Fox & Sanders,* for respondent West Virginia Water Service Co.

HATCHER, JUDGE:

The complainants are owners of business plants in the city of Bluefield, which are equipped with private automatic sprinkler systems for the prevention and control of fires.

They are each charged $200.00 annually by the West Virginia Water Service Company (successor of Bluefield Water Works and Improvement Company), a public utility, for water connections with a six-inch line. They protested this charge before the public service commission on the ground that it was unfair, etc., and upon a dismissal of their petition secured an appeal here.

The opinion rendered by the commission contains in part the following:

"In Case No. 1138, *Bluefield Water Works and Improvement Company, supra,* December 2, 1926, this Commission undertook to comply with the mandate of the United States Supreme Court in the utility's suit against it, reported in 262 U. S. 679, 67 L. ed. 1176, P. U. R. 1928D 11, by prescribing the following rates: * * * for private fire protection (stand-pipe, fire hydrant or sprinkler service) : * * * 6-inch line $200.00 per annum.

The utility attacked the rates so prescribed by a bill in equity in the United States District Court, contending for the rate schedules for which it had applied to the Commission, which included a charge of $51,000 a year for public fire protection. An interlocutory order was made by the Court May 11, 1927, (see 14th An. Rpt. 156) enjoining the rates prescribed by the Commission, authorizing the utility to increase the schedules not to exceed ten per cent, and referring the cause to a master to take evidence. On October 1, 1927, the City of Bluefield and West Virginia Water Service Company (successor to the Bluefield company) entered into a contract, the effect of which, among other things, was to terminate the controversy over water rates and the adequacy of water service at Bluefield which had been pending in one form or another in one tribunal or another since August 18, 1914.

The compromise contract was presented to the District Court December 29, 1927, and a decree entered directing the water company to 'put into force and effect as of the 1st day of January, 1928, the schedule of rates, tolls and charges set up and prescribed by the Public Service Commission of West Virginia in its order of December 2, 1926,' except as to certain conditions for charges in excess

of $26,000 a year for public fire protection on account of the installation of additional hydrants and the ownership of hydrant equipment. (See 15th An. Rpt. 224)."

It also appears that the city of Bluefield intervened in the court proceedings, and that the compromise provided that the schedule of rates was to continue in effect until October 1, 1934. This history is not questioned by the applicants. This litigation was a matter of general interest to all patrons of the water company, and though complainants were not in fact parties to that suit, their rights as patrons of the water company must be deemed to have been as effectually presented and protected as if they had been parties. *Pear* v. *City*, 273 Ill. 501, 506. Complainants are not affected differently from other patrons who have private fire protection. Under settled law, the decree of the district court, confirming the schedule of rates prescribed in the commission's order of December 2, 1926, is binding on the applicants, and we cannot consider now the merits of their complaint. "In the absence of fraud or collusion, a judgment for or against a municipal corporation, county, town, school or irrigation district, or other local governmental agency or district, or a board or officers properly representing it, is binding and conclusive on all residents, citizens and taxpayers in respect to matters adjudicated which are of general and public interest, such as questions relating to public property, contracts, or other obligations." 34 C. J., subject, Judgments, sec. 1459. Accord: Freeman on Judgments (5th Ed.), sec. 507.

The ruling of the commission is affirmed.

*Affirmed.*