(No. 30921.—

THE PEOPLE ex rel. Paul J. Furlong et al., Appellees, vs. THE BOARD OF ELECTION COMMISSIONERS OF THE CITY OF CHICAGO et al., Appellants.

*Opinion filed November 22, 1949.*

BERNARD J. KORZEN, KIRKLAND, FLEMING, GREEN, MARTIN & ELLIS, SCOTT, MACLEISH & FALK, JACOB SHAMBERG, and WALTER F. DODD, (JOSEPH B. FLEMING, EDWARD C. CALDWELL, CHARLES M. PRICE, ROBERT S. CUSHMAN, and JOSEPH N. MORENCY, JR., of counsel,) all of Chicago, for appellants.

URBAN A. LAVERY, of Chicago, for appellees.

Mr. JUSTICE GUNN delivered the opinion of the court:

This suit was filed by a number of taxpayers and voters, as relators, in the superior court of Cook County, to *mandamus* the Board of Election Commissioners to use in the November 2, 1948, general election regular paper ballots in place of, and in lieu of, voting machines, which had

been purchased and approved for over four hundred voting places. On October 29, 1948, the superior court granted the petition of relators and ordered the writ of *mandamus* to issue, commanding the Board of Election Commissioners to use the customary paper ballots in lieu of the voting machines on hand in the four hundred voting precincts for which voting machines were ready. The ground upon which the petition for writ of *mandamus* was based is that the voting machines did not comply with the constitutional mandates for elections, and hence their use was illegal, authorizing the writ requiring the election commissioners to conduct the election in the ordinary manner.

Before the petition was filed and judgment order entered in this case, two other suits to determine the validity of the voting machine statute and ordinance, and whether the voting machines complied with the statutory and constitutional provisions, had been decided, and the judgments entered in the circuit court of Cook County were at that time pending hearing in the Supreme Court upon appeal. These two suits, *Curtis* v. *Lipsky et al.,* and *People ex rel. Lipsky et al.* v. *City of Chicago,* were heard and the judgments of the circuit court affirmed in cases Nos. 30895 and 30896, at the March Term, 1949, of this court. No. 30895 involved a complaint filed for *mandamus* to compel the city of Chicago to pay for four hundred fifty voting machines purchased for the Board of Election Commissioners. Cause No. 30896 was a complaint filed by a taxpayer for a declaratory judgment, seeking an interpretation of the rights, obligations and powers of the city of Chicago and the election commissioners under the Election Code, and in particular as to their right to purchase and use voting machines at elections within the city of Chicago. The circuit court of Cook County awarded the relief prayed for in each of these cases, and in each of them there were raised for determination all of the points urged in appellees' briefs against the use of such machines as authorized by the

statute and the ordinance of the city of Chicago. The judgments of the circuit court in both of these cases were affirmed in 403 Ill. 134, and all of the contentions made by appellees in this case rejected by this court.

In this case the appellants are the Board of Election Commissioners of the city of Chicago and the individual members thereof, and the Automatic Voting Machine Corporation. The issues in the previous cases in the circuit court encompass all of the issues raised in this case, and the parties are the same, except that the plaintiffs in this suit are citizens and taxpayers different in name from the citizens and taxpayers in cause No. 30896. The case comes to this court because in the petition and judgment for *mandamus* the construction of the constitution is involved in respect to the manner of carrying out the election franchise.

We take judicial notice of the fact that the general election in November, 1948, has taken place, and if the manner of conducting that election was all that could necessarily be considered in this case it would be a moot question, and the appeal dismissed. However, a dismissal of the appeal or an affirmance of the judgment of the superior court would leave in effect the *mandamus* judgment, and a liability upon the part of appellants for costs and damages, and a possible further hearing upon the question of the insufficiency of the voting machines, a matter reserved for further hearing by the trial court. These considerations make it necessary to consider the merits of this appeal.

Among other objections, appellants make two points which must receive our serious consideration: (1) All of the issues raised in the superior court were, at the time of the filing and entering of judgment in this case, decided contrary to the contentions of the present appellees; and the judgments of the circuit court in those two cases have been affirmed in the *Lipsky case* above mentioned; (2) the effect of the proceeding for a writ of *mandamus* and the

entering of a judgment therefor by the superior court amounted to a review of the two judgments entered in the circuit court of Cook County, and affirmed by this court in the consolidated cases mentioned.

The first point to which we direct our attention is that the issues raised in the present case were raised, argued and decided adversely to the contentions of appellees in the two prior actions in the circuit court of Cook County, thus raising the question whether as to the issues in this case they are *res judicata*. It is unnecessary for us to point out the particular issues discussed in the prior cases, as they are fully set out in the reported opinion contained in 403 Ill. 134. The question is whether the decision of these cases constituted an adjudication of all of the issues raised in the present case.

The parties are substantially the same, the difference being, as pointed out above, that the relators in the instant case are different persons from those persons who became the relators in the *mandamus case* in the circuit court. However, we held in *Harmon* v. *Auditor of Public Accounts,* 123 Ill. 122, that where a suit is brought by a taxpayer and property owner as a representative of a class, such person represents all citizens and taxpayers in the municipality of the same class, because the interests of each person of the class of individuals are the same, and, consequently, a decision in a suit brought by a member of such a class is binding upon all of the other members of the class. That question is practically the precise question which arises here, and the *Harmon case* sustains the position of appellants in that respect. The *Harmon case* is followed and the same principle adopted in the following cases: *Indiana Harbor Belt Railroad Co.* v. *City of Calumet City,* 391 Ill. 280; *Leviton* v. *Board of Education,* 374 Ill. 594; *People ex rel. Dorris* v. *Ford,* 289 Ill. 550; *Pear* v. *City of East St. Louis,* 273 Ill. 501; *Ward* v. *Field Museum,* 241 Ill. 496.

However, without going into this particular point of appellants further, the decisions of the *Curtis* and *Lipsky cases* in this court undoubtedly are authority for holding that the petition of appellees in the case below was without any merit whatever, since, aside from the question of *res judicata,* the holding of this court covers substantially every point raised in the brief of appellees in this case; so if, strictly speaking, the decision of the circuit court of Cook County in the two cases above mentioned did not strictly constitute *res judicata* or estoppel by judgment, certainly the decision of this court in 403 Ill. 134, settles the question adversely to the contention of appellees.

The other contention of which we take notice at this time is the fact that in the answer of the appellants in the superior court particular attention of the court was directed to the petition and judgment order of the circuit court in the two cases mentioned above, and the claim made that the cause had been adjudicated and decided by another court of competent jurisdiction. This contention was not denied, and the only perceivable effect that could be attributed to the judgment and order of the superior court was to relitigate a matter already decided, the correctness of which could be settled only by an appeal from the judgment to the proper court of appellate jurisdiction.

The rule is settled beyond all question that a writ of *mandamus* cannot take the place of, or be used as a writ of error, or as a method of appeal from the judgment complained of. (*People ex rel. Meier* v. *Lewe,* 380 Ill. 531; *People ex rel. Carlstrom* v. *Shurtleff,* 355 Ill. 210; *People ex rel. Keenon* v. *LaBuy,* 305 Ill. 11.) Were we to entertain the contention that a writ of *mandamus* was properly issued by the superior court in this case, it would amount to allowing another court to take jurisdiction of the same subject matter involving substantially the same parties after a final judgment had been entered by another court of competent jurisdiction, and substitute its judgment for

the appeal or writ of error provided by law to correct an erroneous judgment. The contention that, strictly speaking, this was not the effect is tenuous, as the undeniable result was that the election commissioners were ordered by the superior court to do exactly the opposite of what the circuit court held was their duty and ordered to be done. Review of judgments in this manner is not permitted in any case to which our attention has been called. As a matter of fact, counsel for appellees does not offer authorities in opposition to this well-settled principle.

Other points are made by appellants, but sufficient has been said to require a reversal of the order of the superior court of Cook County. The judgment of the superior court of Cook County is reversed.

*Judgment reversed.*