Wesley Greene, Appellant, v. Art Institute of Chicago, an Illinois corporation not for profit, and Northern Trust Company, Trustee and Executor of Estate of Benjamin F. Ferguson, deceased, Appellees.

Gen. No. 47,268.

First District, Third Division.
January 15, 1958.
Rehearing denied January 30, 1958.
Released for publication February 10, 1958.

Luis Kutner, of Chicago, for appellant.

Eckhart, Klein, McSwain & Campbell, of Chicago (Percy B. Eckhart, William A. McSwain, and John Neal Campbell, of counsel) for defendant (appellee), The Art Institute of Chicago; Sidley, Austin, Burgess & Smith, of Chicago (Kenneth F. Burgess, Merritt C. Bragdon, and John C. Williams, of counsel) for defendant, Northern Trust Company, as trustee.

JUSTICE BRYANT delivered the opinion of the court.

This is an appeal from an order of the Superior Court of Cook county dismissing upon motions filed by the defendants, The Art Institute of Chicago and the Northern Trust Company, the cause of action based on the complaint filed herein.

The motion of the defendant The Art Institute of Chicago, an Illinois corporation not for profit, sets forth as grounds for dismissal and striking the com-

plaint that it appears on the face of the complaint that it is an illegal and unwarranted collateral attack upon final orders of the Circuit Court entered in case No. B269011 on May 22, 1933 and in case No. 55C–249 on June 13, 1956, and that the complaint does not allege facts sufficient to justify the conclusion that the plaintiff has a direct interest in the B. F. Ferguson Monument Fund or its administration, and that the complaint contains no allegation of facts sufficient to establish that the plaintiff has been deprived of property without due process of law, and that the allegations of the complaint are vague and indefinite, consist of conclusions and are based upon a misunderstanding of the law relating to the duties of the Attorney General of the State of Illinois. The motion of the defendant Northern Trust Company, a corporation, trustee, in addition to the above allegations, sets forth that the complaint does not allege any facts showing any misconduct of any kind on the part of the Northern Trust Company or any instance in which that defendant failed to perform its full duties as trustee under the will of Benjamin F. Ferguson, deceased, and that the complaint fails to allege any co-operation or condonation or ratification by the Northern Trust Company of any alleged diversion of the B. F. Ferguson Monument Fund, or any alleged misconduct of The Art Institute of Chicago, or that it in any manner participated in the two court proceedings of which the plaintiff complains.

It therefore becomes necessary to examine the allegations of the complaint. The complaint states that it seeks to vacate and set aside an order of the Circuit Court of Cook county erroneously entered on May 22, 1933 in case No. B269011, and an order entered by the same court on June 13, 1956 in case No. 55C–249. It seeks a redetermination as to the meaning of the language used in the last will and testament of Benjamin

86

F. Ferguson relating to the B. F. Ferguson Monument Fund, the purposes of the fund and the duties of The Art Institute of Chicago as trustee of the fund. It further seeks an order for the removal of the Northern Trust Company as trustee under the will of Benjamin F. Ferguson under which it was directed to turn over the net proceeds of certain funds in its hands each year to the Art Institute of Chicago as the trustee of the B. F. Ferguson Monument Fund.

The complaint also alleged that in case No. B269011 a hoax was perpetrated on the plaintiff, and other persons similarly situated, by the Art Institute of Chicago in that through its attorneys it caused to be filed in the Circuit Court of Cook county the complaint asking the instruction of the court in regard to the use of money from the B. F. Ferguson Monument Fund, which had been created for the purpose of "the erection and maintenance of enduring statuary and monuments," for the purpose of building a memorial building connected with the Art Institute of Chicago, and that an answer for the Attorney General of the State of Illinois, Hon. Otto Kerner, was filed on the same day as the complaint and apparently had been prepared on the same typewriter, using the same stationery and the same blue-back as used in the preparation of the complaint—all of which resulted in the entry of a decree on the same day in accordance with the prayer of the petition of that plaintiff, The Art Institute of Chicago, permitting the construction of a memorial building, as a monument to B. F. Ferguson, at a certain location adjoining and a part of The Art Institute of Chicago.

The complaint is replete with such words as "hoax," "fraudulent plan," and "collusive" and "fraudulent" actions, and while the plaintiff takes great pains to state that the Honorable Otto Kerner was a man of great integrity, honesty and esteem, he in the same

87

breath inconsistently alleged that Mr. Kerner was subservient to the combined prestige of The Art Institute of Chicago and the Northern Trust Company of Chicago and allowed them to dominate and dictate the proceedings which were bottomed and conceived in fraud.

The complaint also alleges that in case No. 55C–249, The Art Institute of Chicago again asked instructions from the court and leave to construct a building such as had been approved in the decree of May 22, 1933 in the foregoing proceeding, at another location—still adjoining The Art Institute. The decree entered granted the prayer of The Art Institute of Chicago. The complaint alleged that the Attorney General of the State of Illinois, The Honorable Latham Castle, who was made a party defendant to the later proceeding because it related to a charitable trust, "permitted himself to ratify the scheme and hoax that was perpetrated in case No. B269011."

There are no other allegations of fraud in the complaint.

The plaintiff also alleges that he is a citizen, resident and taxpayer of the City of Chicago, county of Cook and State of Illinois, and that his taxes will be affected by the outcome of this law suit, but he does not allege how the building of the memorial building out of the funds of the B. F. Ferguson Monument Fund will affect his taxes. The plaintiff then sets forth that he, with others so situated, are intended beneficiaries of the B. F. Ferguson Monument Fund.

██ It is obvious that the order of the Superior Court dismissing the complaint is proper for the following reasons: (1) The plaintiff, as a member of the general public of the State of Illinois, was properly represented in both of the former proceedings by the Attorney General of the State of Illinois, who is the proper person to represent the public in actions relat-

ing to charitable trusts (Art Institute of Chicago v. Castle, 9 Ill.App.2d 473; People ex rel. Courtney v. Wilson, 327 Ill. App. 231; Kolin v. Leitch, 343 Ill. App. 622); (2) The plaintiff is not a proper party plaintiff, either as a beneficiary of the B. F. Ferguson Monument Fund or as a taxpayer: first, because he has been represented as a member of the public by the Attorney General in so far as the B. F. Ferguson Monument Fund is concerned as a charitable trust, and has no further right to representation (Art Institute of Chicago v. Castle, People ex rel. Courtney v. Wilson, and Kolin v. Leitch, supra; Bogart, Trust and Trustees Vol. 2a, sec. 414); secondly, he as a member of the public has no property interest in that trust (Barker v. Hauberg, 325 Ill. 538, 551; Art Institute of Chicago v. Castle, supra, at page 479; Scott, The Law of Trusts (1956 ed.) Vol. 4, Sec. 391, p. 2760); thirdly, he has not alleged how he would be damaged as a taxpayer, and therefore does not come within the class of taxpayers who are damaged by the administration of a charitable trust (Hartzell v. Hungate, 223 Ill. App. 346, 350; Art Institute of Chicago v. Castle, supra; Pear v. City of East St. Louis, 273 Ill. 501, 506); (3) There is no sufficient allegation of facts to show fraud in the actions of the Attorney General of the State of Illinois (Smith v. Board of Education, 405 Ill. 143, 148; Owens v. Green, 400 Ill. 380, 393; Barker v. Hauberg, 325 Ill. 538, 550; People ex rel. Parker v. Board of Appeals, 367 Ill. 559, 567; People ex rel. Callahan v. Gulf, Mobile & Ohio Ry. Co., 8 Ill.2d 66, 70); and (4) There is no allegation of fraud which would warrant the considering of the complaint as a bill in the nature of a bill of review (Art Institute of Chicago v. Castle, supra; Wood v. First Nat. Bank of Woodlawn, 383 Ill. 515. 522).

There is not before us at this time the question of the meaning of the words "statuary and monuments,"

but that phraseology has been passed upon finally by the lower courts and again considered in this court in Art Institute of Chicago v. Castle, 9 Ill.App.2d 473, and certainly there is nothing in the interpretation of those words by the courts which per se would indicate anything but proper consideration by reasonable minds and the only just determination available.

It is noted that most of these same matters—indeed if not quite all of them, were before the court on the intervening petition of the National Sculpture Society in regard to the last decree, entered June 13, 1956 in case No. 55C–249, to which plaintiff objects, and that the bringing of this complaint is so clearly an attempt to litigate for the third time a matter which had been disposed of in the lower court and which has now been brought to the Appellate Court for the second time, that it can only be considered an attempt to stir up litigation in a manner which is just short of being maintenance.

Judgment affirmed.

BURKE, P. J. and FRIEND, J., concur.