PATRICK J. KENNY *et al.*, Plaintiffs-Appellants and Cross-Appellees, *v.* INTERIM GENERAL SUPERINTENDENT OF SCHOOLS *et al.*, Defendants-Appellees and Cross-Appellants.

First District (2nd Division)   No. 81—3181

Opinion filed January 4, 1983.—Rehearing denied February 22, 1983.

Ronald S. Cope and John B. Murphy, both of Ancel, Glink, Diamond, Murphy & Cope, P.C., of Chicago, for appellants.

Patricia J. Whitten and Robert J. Krajcir, both of Chicago, for appellees.

PRESIDING JUSTICE DOWNING delivered the opinion of the court:

We are asked to decide whether the Chicago Board of Education (Board) made illegal expenditures of public school funds and employed persons without proper certificates. A taxpayers' suit was instituted by 14 employees of the Board who hold valid supervisory certificates issued by the Board. Eight of these individuals are residents and taxpayers of the city of Chicago. The union which represents plaintiffs, the Chicago Principals Association, is also a plaintiff in the action.

Defendants are the Board, the interim superintendent of schools and the individual members of the Board.

The portion of plaintiffs' complaint involved in this appeal[1] contained four counts based on the Board's alleged violations of section 21—1 of the School Code (Ill. Rev. Stat. 1979, ch. 122, par. 21—1), and section 4—20 of the rules of the Board. Section 21—1 of the School Code provides in part:

> "No one may teach or supervise in the public schools nor receive for teaching or supervising any part of any public school fund, who does not hold a certificate of qualification granted by the Superintendent of Public Instruction or by the State Teacher Certification Board and a regional superintendent of schools as hereinafter provided, or by the board of education of a city having a population exceeding 500,000 inhabitants except as provided in Section 10—22.34 or Section 10—22.34b."

Section 4—20 of the Board rules provides:

> "Certificate Requisite to Appointment on Teaching Force. No person shall be appointed to any position on the teaching force without the appropriate certificate thereof, nor shall any person be advanced to a higher position for which an examination is provided than that specified in the certificate, without additional examination and proper certificate for such advanced position."

Counts I through IV of plaintiffs' complaint alleged the following violations of section 21—1 of the School Code and section 4—20 of the Board's rules:

> Count I—the Board employs persons who do not possess supervisory certificates in both supervisory positions and in administrative positions having supervisory duties.

> Count II—the Board employs persons who lack supervisory certificates in the positions of "assistant principals" who actually supervise educational programs and other certified personnel.

> Count III—the Board appoints a single principal to supervise more than one school or attendance center, which results in the fact that the actual supervising person is an assistant principal, teacher, or clerk, none of which holds a supervisory certificate.

> County IV—the Board improperly dismissed 26 persons, including plaintiffs, from principal or associate principal positions and

---

[1]Counts V and VI of plaintiffs' second amended complaint were dismissed by stipulation of the parties.

transferred them to teaching positions, while appointing persons without valid supervisory certificates to fill the vacancies.

Plaintiffs sought to enjoin defendants from these alleged illegal practices, an accounting of all moneys that have been illegally paid from the public school fund, a mandatory injunction requiring the Board to employ only properly certified persons in supervisory positions and other appropriate relief. In count IV, plaintiffs additionally requested an order requiring defendants to employ members of plaintiffs' class in the positions described.

Defendants motioned to strike and dismiss plaintiffs' complaint pursuant to sections 45 and 48 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, pars. 45, 48), now known as the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, pars. 2—615, 2—619). On January 16, 1981, the circuit court granted defendants' motion as to counts I through IV, stating that these counts were substantially and substantively identical with the corresponding counts of an amended complaint which had been stricken on June 27, 1980. This appeal follows.

Defendants cross-appeal from the circuit court's finding that the claim is not barred by *res judicata*. Defendants argue that a previous taxpayers' suit bars the allegations contained in count II of plaintiffs' complaint.

## COUNT I

In order to withstand a motion to dismiss, a complaint must be both legally and factually sufficient. (*People ex rel. Fahner v. Carriage Way West, Inc.* (1981), 88 Ill. 2d 300, 308, 430 N.E.2d 1005.) Plaintiffs claim that their complaint meets this two-step test, therefore the dismissal was improperly granted.

In count I of their complaint, plaintiffs alleged that persons in numerous specific positions, such as curriculum directors and district administrators, actually supervise educational programs and curricula and other certified personnel within the school system. Plaintiffs contend that the payment of such persons in these positions, who do not hold supervisory certificates, results in an illegal expenditure of public school funds. Plaintiffs claim on appeal that at the very least, they should be allowed to proceed to trial in order to prove the actual nature of the work performed in the positions involved.

Plaintiffs refer to the Illinois State Board of Education Document No. 1 which sets forth certificate requirements for all State school districts but Chicago. Document No. 1 requires supervisory certificates for holders of positions such as department heads, curriculum

directors, coordinators and general supervisors. Plaintiffs claim that the largest and most complex school district in the State should not be allowed to disregard these guidelines as well as the statutory intent of section 21—1. Plaintiffs also rely on section 21—7.1 of the School Code as evidence of legislative intent that certain positions within the State are supervisory and thus a specific administrative certificate is required.[2]

The circuit court, in its June 27, 1980, order, stated:

"Under Article 34—8.1 of the School Code, a principal's function is to administer over and supervise an attendance center in which students are either present or else engaged in the educational process. No instance has been cited in which an attendance center is not under the supervision of a principal who holds a valid principal's certificate issued by the Board of Examiners. There is no requirement that the Board of Education issue supervisory certificates to staff management employees who supervise clerical staff in the central office or in small district offices or attendance centers."

Section 34—8.1 of the School Code, to which the court referred, provides:

"Principals shall be employed to supervise the educational operation of attendance centers as the board shall determine necessary. If a principal is absent due to extended illness or leave of absence, an assistant principal may be assigned as acting principal for a period not to exceed 60 school days. ***

Each principal shall hold a valid supervisory or administrative certificate issued by the board of education in accordance with standards established by the general superintendent with the approval of the board of education." Ill. Rev. Stat. 1979, ch. 122, par. 34—8.1.

Under statutory authority of section 34—83 of the School Code, a board of examiners was established for the Board. (Ill. Rev. Stat. 1979, ch. 122, par. 34—83.) This board of examiners is empowered to examine applicants and issue certificates to qualified persons. The only two certificates which the board issues are the teacher's certificate and the principal's certificate. Section 34—8.1 of the Code mandates that principals must hold a supervisory certificate. A principal's

---

[2]Defendants state in their brief that section 21—7.1 has been repealed *in toto* by Pub. Act 81—1509, article I, section 89, effective September 26, 1980 (1980 Ill. Laws 3209). The purported repeal of this section was declared null and void by Public Act 82—597 (1981 Ill. Laws 3097). Ill. Ann. Stat., ch. 122, par. 21—7.1 (Smith-Hurd 1981, Supp. 1982-83).

certificate is the only supervisory certificate issued by the board. Plaintiffs claim that the Board should not be allowed to "make an unreviewable determination as to what positions in the school system require a supervisory certificate" which in effect reduces "Section 21—1 of the School Code to a dead letter."

█ Plaintiffs have failed to allege any action taken by defendants which constitute a violation of the School Code. As the circuit court noted, plaintiffs did not cite any instance where an attendance center is not under the supervision of a principal holding a valid principal's certificate. Plaintiffs have also not alleged that any positions are currently being held by persons who do not possess the type of certificate required of them by the Board. The Board is acting within its statutory authority by establishing its own certification process. (Ill. Rev. Stat. 1979, ch. 122, par. 21—1.) The Board was also acting within its rules. The circuit court's decision to dismiss count I was therefore proper.

## COUNT II

In the second count of their complaint, plaintiffs allege that because the position of assistant principal entails actual supervision of schools, and yet no supervisory certificates are required, defendants are violating section 21—1 of the School Code.

Board rule 6—12—1 enumerates the duties of an assistant principal which include: taking charge of schools when principals are absent for any reason; being subject to the supervision of the principals and performing duties asked of them by the principals; and providing assistance in the organization, supervision, administration and discipline of the schools. Section 34—8.1 of the Code provides that an assistant principal may be assigned as an acting principal of a school for a period not to exceed 60 days. Ill. Rev. Stat. 1979, ch. 122, par. 34—8.1

Defendants argued in their motion to dismiss that this count should be barred because of the *res judicata* effect of a circuit court case, Dolnick v. General Superintendent of Schools (No. 75 CH 194, filed January 10, 1975). That suit, in the nature of a taxpayer's suit, was instituted by the head of the same principals' union bringing the instant suit and by 12 other individuals as taxpayers against the superintendent of schools and the board of education. An injunction order was issued as a result of that suit enjoining defendants from employing any person in the position of acting principal, whether given that tile or not, who does not hold a properly issued supervisory certificate. (See *Dolnick v. General Superintendent of Schools* (1978), 67 Ill. App. 3d 8, 9-10, 384 N.E.2d 408.) *Dolnick* involved a subsequent

contempt action alleging violation of the injunction order. We may rely on its recitation of the trial court's findings. (*Gudgel v. St. Louis Fire & Marine Insurance Co.* (1971), 1 Ill. App. 3d 765, 771, 274 N.E.2d 597.) Defendants did not appeal this injunction order.

The circuit court in the *Dolnick* case made the following finding as to the position of assistant principal:

> " '[T]he imposition of [certain educational standards and qualifications] as a condition for appointment plus the requirement that the Assistant Principal hold a teacher's certificate, plus the requirement that the Assistant Principal not supervise for a period in excess of ten (10) school days,[3] *is enough to satisfy the requirement of Section 21—1 of the School Code* as to Assistant Principals only, even though said Assistant Principals are not actually issued a supervisory certificate.' " (Emphasis added.) (67 Ill. App. 3d 8, 10.)

The circuit court accordingly refused to include the position of assistant principal in the injunction order.

■ Both sets of plaintiffs in the *Dolnick* case and present case brought the actions as taxpayers. It has been held that "a judgment for or against a governmental body in a suit instituted by a taxpayer as a representative of his class is binding and conclusive on all residents, citizens and taxpayers with respect to matters adjudicated which are of general and public interest." (*Barrett v. City of Chicago* (1956), 11 Ill. App. 2d 146, 157, 136 N.E.2d 564.) When the issues involved in both a previous and present case are identical, the judgment in the earlier litigation is conclusive of the rights of different taxpayers in the present suit. (*People ex rel. Furlong v. Board of Election Commissioners* (1949), 404 Ill. 326, 329, 88 N.E.2d 864.) Plaintiff notes that no appeal was taken from that portion of the court's order. A trial court's judgment not appealed from becomes final and is res judicata to an identical claim. *Baird & Warner, Inc. v. Addison Industrial Park, Inc.* (1979), 70 Ill. App. 3d 59, 66, 387 N.E.2d 831, appeal denied (1979), 79 Ill. 2d 609.

"Collateral estoppel pertains to the relitigation of facts, not to question of law." (*Village of Northbrook v. Cannon* (1978), 61 Ill. App. 3d 315, 322, 377 N.E.2d 1208.) A comparison of the taxpayers' complaint in the *Dolnick* case included in the instant record with plain-

---

[3]Section 34—8.1 of the Code at that time differed from the present code in the maximum number of days during which an assistant principal may supervise in a principal's absence. The maximum number is now 60 days. Ill. Rev. Stat. 1981, ch. 122, par. 34—8.1.

tiffs' complaint in the present suit reveals that both allege the same conduct by the Board in regards to the position of assistant principal. Since the same conduct is alleged regarding the Board's use and payment of assistant principals, we conclude that the circuit court erred in finding that *res judicata* did not apply as to that issue.[4]

## COUNT III

■ Count III of plaintiffs' complaint contained allegations of violations of the School Code by means of the Board's practice of appointing a single principal to supervise more than one school or attendance center. (The appellate court in the *Dolnick* case specifically left open the question of whether this practice violates the applicable sections of the School Code. (*Dolnick v. General Superintendent of Schools* (1979), 67 Ill. App. 3d 8, 15-16, 384 N.E.2d 408.)) Plaintiffs attach a copy of Board Report No. 68—872 to their complaint which sets forth the Board's policy of combining schools with fewer than 15 full-time teachers. The circuit court in the instant case made a finding that the establishment of branch schools does not violate the Code.

Section 34—8.1 of the School Code provides that "principals shall be employed to supervise the educational operation of attendance centers *as the Board shall determine necessary.*" Plaintiffs contend that the underscored phrase modifies the term "attendance centers" and thus, the statute provides that whenever the Board determines an attendance center is necessary, it must appoint a principal to it. Defendants contend, and the circuit court agreed, that the plain meaning of the phrase is that principals will be employed as the Board determines is necessary to supervise the attendance centers. We also agree with this interpretation.

Plaintiffs do not allege that defendants have failed to assign a principal to every attendance center, but merely that more than one school is under the supervision of a single principal. Plaintiffs' position is patently without merit. Defendants are working within the discretion allowed them under section 34—8.1 of the Code and therefore plaintiffs' count III was also properly dismissed.

## COUNT IV

Finally, in count IV of their complaint, plaintiffs allege that the Board has unlawfully demoted 26 persons, including themselves, from

---

[4]We do not feel that the extension of the maximum amount of days that an assistant principal may supervise under section 34—8.1 from 10 days when *Dolnick* was decided to 60 days now affects this issue.

supervisory positions to lower-paying teaching positions. In their place, plaintiffs allege, the Board has appointed persons to supervisory and administrative positions who lack supervisory certificates. In their reply brief, plaintiffs acknowledge that they are not contending that they have a vested contractual or constitutional right to a given assignment; they do allege, however, that the Board has abused its discretion by these actions.

Plaintiffs allege that although the Board has been given statutory authority to make assignments of principals (Ill. Rev. Stat. 1979, ch. 122, pars. 34—8.1, 34—8.2, 34—18, 34—84), the acts of the Board are not immune from judicial review when the actions are palpably arbitrary, unreasonable or capricious. (*Richards v. Board of Education* (1960), 21 Ill. 2d 104, 110, 171 N.E.2d 37; *Stasica v. Hannon* (1979), 70 Ill. App. 3d 785, 788, 388 N.E.2d 1110.) Plaintiffs urge that their allegations can be characterized as such and thus judicial review of the Board's appointments and demotions is warranted.

■ Because of our determination above, that the Board is properly acting within its statutory discretion and the legislative intent of allowing the Board to determine certification requirements, the appointment of persons lacking supervisory certificates in positions which have been determined by the Board to not require them is not "arbitrary, unreasonable or capricious." Plaintiffs have therefore failed to allege conduct of the Board which would warrant judicial review. Count IV was also properly dismissed by the trial court.

For the above stated reasons, we affirm the circuit court's dismissal of counts I through IV, and reverse the trial court's finding that *res judicata* does not bar the allegations in count II.

Affirmed in part; reversed in part.

STAMOS and PERLIN, JJ., concur.