WILLIAM ROBERT LEE, Plaintiff-Appellant, v. SUSAN EGAN, Defendant-Appellee.

First District (5th Division)   No. 84—2504

Opinion filed September 11, 1987.—Rehearing denied October 9, 1987.

Nathan Shefner, of Chicago, for appellant.

Laurence J. Bolon and Tami J. Reding, both of Frank, Melamed & Bolon, Ltd., of Chicago, for appellee.

JUSTICE PINCHAM delivered the opinion of the court:

Plaintiff William Lee filed a complaint for an accounting and injunction against his sister, defendant Susan Egan, to recover money plaintiff alleged that defendant had fraudulently obtained from plaintiff. Defendant filed a motion to dismiss plaintiff's complaint and for attorney fees. The circuit court entered an order granting defendant's motion. In this appeal from that order, plaintiff contends that the circuit court erroneously granted defendant's motion to dismiss plaintiff's complaint and defendant's motion for attorney fees.

In his complaint, plaintiff alleged that on November 20, 1980, the parties' mother, Lorraine Lee, died testate. Lee was the sole heir of her mother, Alice Nelson, who had died on December 8, 1979. On March 13, 1963, Nelson had conveyed her three-flat building located at 1724 West Summerdale Avenue (Summerdale property) to herself and Lee as joint tenants. Defendant resided in that apartment build-

ing. In 1978, Lee and Nelson sold the Summerdale property and purchased a two-flat building at 5411 North Central Avenue (Central Avenue property). With the net proceeds of $61,542 from the sale of the Summerdale property and a loan of $40,000, Lee and Nelson purchased the Central Avenue property for $103,500. Title to the Central Avenue property was held by Lee and defendant in joint tenancy.

Plaintiff's complaint further alleged that the fifth article of Lee's will provided that Lee's property should be divided into three equal trusts for her children; that Lee and defendant "fraudulently appropriated" $33,271, which was Nelson's share of the money from the sale of the Summerdale property, and applied it to the purchase of the Central Avenue property; that upon Nelson's death, the $33,271 became an asset of the latter's estate; that as Nelson's sole heir Lee would have been entitled to receive the $33,271; that upon Lee's death the $33,271 should have been distributed to the trusts established in Lee's will.

Defendant's motion to dismiss plaintiff's complaint and for an award of attorney fees contended that plaintiff's complaint was defective because the action for fraud had not been filed within five years as required by the statute of limitations; plaintiff lacked standing to complain that the estate of Alice Nelson had been defrauded since he was not its representative; that issues raised in plaintiff's complaint had been litigated in a complaint plaintiff had filed against defendant in 1981 to enforce a constructive trust and that the judgment entered there was *res judicata* to the instant action.

In her request for attorney fees, defendant asserted that because of the court's prior disposition of the issues raised herein, plaintiff knew that his claims were false and made without reasonable cause.

After hearing argument on defendant's motion to dismiss plaintiff's complaint, the trial court granted the defendant's motion to dismiss. Thereafter the parties filed additional pleadings on defendant's request for attorney fees. After an evidentiary hearing, the trial court granted defendant $1,875 for attorney fees.

■■ ■ A motion to dismiss must be granted when the moving party establishes that the cause of action is barred by a prior judgment. (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(4).) The doctrine of *res judicata* bars a second adjudication where there has been a former adjudication on the merits of the case. (*Neuberg v. Michael Reese Hospital and Medical Center* (1983), 118 Ill. App. 3d 93, 454 N.E.2d 684.) Application of the principles of *res judicata* lies when there is an identity of parties, subject matter and cause of action. (*Cranwill v. Donahue* (1981), 99 Ill. App. 3d 968, 970, 426 N.E.2d

337.) When the issues involved in both the previous and present cases are identical, the judgment in the earlier litigation bars the later cause of action and is conclusive to the rights of the parties. (*Kenny v. Interim General Superintendent of Schools* (1983), 112 Ill. App. 3d 342, 348, 445 N.E.2d 356.) The purpose of the doctrine of *res judicata* is to prevent the unnecessary harassment of a multiplicity of lawsuits on the same cause of action. *Rodosta v. Chrysler Corp.* (1982), 110 Ill. App. 3d 1066, 1069, 443 N.E.2d 670.

■ Our review of the record established that the complaint to enforce a constructive trust filed by plaintiff in 1981 was against defendant and sought the recovery of proceeds from the sale of the Summerdale property. There plaintiff had alleged that upon Lorraine Lee's death, defendant had defrauded plaintiff of his interest in the Summerdale property. Here, plaintiff alleged that defendant and Lee had defrauded him of his interest in the property. Plaintiff's theory of fraud was the same in both cases and he merely added Lee as a participant in the fraud in the present case. To allow plaintiff to avoid the bar of *res judicata* under such circumstances would abrogate the very purpose of the doctrine. Under the circumstances, it was proper for the trial court to grant defendant's motion to dismiss plaintiff's complaint.

■ Next, plaintiff alleges that the trial court improperly awarded defendant attorney fees pursuant to section 2—611 of the Code of Civil Procedure. (Ill. Rev. Stat. 1985, ch. 110, par. 2—611.) The purpose of section 2—611 is to prevent abuse of the judicial process by penalizing the litigant who brings vexatious or harassing actions that are based on false statements or without legal foundation. (*In re Application of Cook County Collector* (1986), 144 Ill. App. 3d 604, 608, 494 N.E.2d 536.) The allowance of fees and expenses under the statute is entrusted to the discretion of the trial court and its determination will not be disturbed on review unless there has been an abuse of that discretion. (*Dayan v. McDonald's Corp.* (1984), 126 Ill. App. 3d 11, 16, 466 N.E.2d 945.) Section 2—611 is penal in nature and its provisions must be strictly construed. *Launius v. Najman* (1984), 129 Ill. App. 3d 498, 505, 472 N.E.2d 170.

■ Here, during the evidentiary hearing the attorneys for defendant testified to their professional background, the nature of the tasks they performed, the novelty of the issues presented and that they had expended 18¾ hours on this litigation and had charged $100 an hour. They also filed a petition documenting the work they had done. It was also established that since plaintiff had litigated the same issues in a prior proceeding before the trial and appellate

courts, and that our supreme court had denied plaintiff's petition for leave to appeal, plaintiff knew that the instant litigation was without a reasonable foundation and that his allegations were baseless. Under the circumstances, the trial court properly granted defendant's motion for attorney fees.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

LORENZ and MURRAY, JJ., concur.