WILLIAM ROBERT LEE, Plaintiff-Appellant, v. SUSAN EGAN, Defendant-Appellee.

First District (5th Division) No. 1—88—2168

Opinion filed June 16, 1989.

Nathan Shefner, of Chicago, for appellant.

Jay A. Frank, of Frank & Melamed, Ltd., of Chicago, for appellee.

PRESIDING JUSTICE MURRAY delivered the opinion of the court:

Plaintiff William Robert Lee appeals from an order of the trial court awarding defendant Susan Egan the sum of $6,649 against him and his attorney for fees based on its finding that a second cause of action almost identical to one previously filed by him and decided adversely against him in the trial court was "not only a multiplicity of suits but unnecessary harassment as well," requiring Egan not only to defend against it in the trial court, but also in the appellate court.

This is the third time the parties in this matter are before us. In

1981, plaintiff Lee filed a complaint in the trial court based on a theory of fraud against his sister, defendant Egan, to enforce a constructive trust. After trial, judgment was entered in favor of Egan. Lee appealed from that judgment and this court, pursuant to a Rule 23 order (107 Ill. 2d R. 23), affirmed the trial court. *Lee v. Egan* (1983), 118 Ill. App. 3d 1155, 470 N.E.2d 656.

In 1984, Lee filed a second complaint seeking an accounting from Egan to recover money she allegedly had fraudulently obtained from him. The trial court dismissed Lee's action, finding that his allegations of fraud by Egan were the same raised in his 1981 action, which had been fully litigated and decided adversely against him. The court also awarded Egan $1,875 in attorney fees pursuant to section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—611), which authorizes the imposition of fees to penalize a litigant who has brought vexatious or harassing actions. Lee appealed to this court from that judgment, and we again affirmed the trial court (*Lee v. Egan* (1987), 160 Ill. App. 3d 1078, 513 N.E.2d 1023) and denied Lee's later petition for rehearing. Our supreme court denied Lee's petition for leave to appeal (*Lee v. Egan* (1987), 118 Ill. 2d 545, 518 N.E.2d 1054), as well as a motion for reconsideration of its denial of his petition.

Subsequent to the foregoing decisions, Egan filed a petition in the trial court seeking additional fees and costs incurred in defending against Lee's second appeal, asserting that that appeal was "a needless extension of a baseless lawsuit." Lee filed an objection to the granting of additional fees and a supplement to that objection. On June 23, 1986, the trial court awarded Egan $6,649 in fees and costs and entered judgment against Lee and his attorney.

In the instant appeal, Lee's third, Lee argues that there is no basis in law for the recovery of the additional fees and costs awarded to Egan by the trial court subsequent to his second appeal. Egan contends, as she did in the trial court, that the court's judgment was proper because Lee's second appeal and petition for rehearing in this court and his petition for leave to appeal to the supreme court thereafter were baseless. In support thereof, she relies on *Aroonsakul v. Flanagan* (1987), 155 Ill. App. 3d 223, 507 N.E.2d 1, *Dayan v. McDonald's Corp.* (1984), 126 Ill. App. 3d 11, 466 N.E.2d 945, and *Federal Insurance Co. v. Maritime Shipping Agencies, Inc.* (1978), 64 Ill. App. 3d 19, 380 N.E.2d 873.

In each of the cases cited by Egan, unlike the situation here, this court affirmed the trial court and remanded the cases for the purpose of awarding fees for a frivolous or groundless appeal. Here, this court

in the underlying appeal at issue between the parties merely affirmed the trial court and did not remand the cause. The cases relied on by Egan therefore are inapplicable.

■ Moreover, it is well settled that no question which was raised or could have been raised and passed upon in a prior appeal on the merits of a case can be urged in a subsequent appeal and those questions not raised are considered waived. (*Kazubowski v. Kazubowski* (1970), 45 Ill. 2d 405, 259 N.E.2d 282.) Once a case has been decided by an appellate court, the only questions which may be considered on a subsequent appeal involving the same issue is whether the trial court followed this court's mandate. *People ex rel. Maeras v. Chicago, Burlington & Quincy R.R. Co.* (1967), 36 Ill. 2d 585, 224 N.E.2d 248.

■ In the instant case, as stated previously, this court merely affirmed the trial court in the appeal underlying Egan's later claim in the trial court for additional fees and costs. We did not affirm and remand for the purpose of awarding additional fees and costs on the basis of Lee's continuance of frivolous litigation. In fact, we could not have done so in light of the fact that that question was not before us since Egan did not raise it in her appellate brief.

We finally note, as Justice Pincham stated in this court's opinion disposing of Lee's second appeal, "[t]he purpose of the doctrine of *res judicata* is to prevent the unnecessary harassment of a multiplicity of lawsuits on the same cause of action. *Radosta v. Chrysler Corp.* (1982), 110 Ill. App. 3d 1066, 1069, 443 N.E.2d 670. *** To allow plaintiff to avoid the bar of *res judicata* under such circumstances would abrogate the very purpose of the doctrine." (*Lee v. Egan* (1987), 160 Ill. App. 3d 1078, 1081, 513 N.E.2d 1023.) Similarly, in the instant appeal it would be an unfair application of the law to hold that a plaintiff (Lee) is barred by a prior action in the trial court but that a defendant (Egan) is not so barred by a prior action in this court. Clearly, Egan waived the question of her entitlement to additional fees and costs in defending against Lee's second appeal by failing to raise it at that time and, therefore, the doctrine of *res judicata* precluded her from making a subsequent claim in the trial court.

Since this court never remanded the cause to the trial court for the purpose of awarding or determining attorney fees and costs for a frivolous appeal but merely affirmed the trial court, we therefore reverse the trial court's judgment for lack of jurisdiction.

Reversed.

PINCHAM and COCCIA, JJ., concur.