Robert E. Halligan, Plaintiff, v. Evelyn Shulman, Defendant.
Evelyn Shulman, Third-Party Plaintiff, Appellant, v. Chrysler Corporation, a Corporation, and Chrysler Motors Corporation, a Corporation, Third-Party Defendants, Appellees.

Gen. No. 48,326.

First District, Second Division.

May 23, 1961.

Vogel & Vogel, of Chicago, for third-party plaintiff-appellant, Evelyn Shulman.

Hinshaw, Culbertson, Moelmann & Hoban, of Chicago (Oswell G. Treadway and Thomas J. Weithers, of counsel), for Chrysler Corporation, a corporation, and Chrysler Motors Corporation, a corporation, third-party defendants-appellees.

MR. JUSTICE FRIEND delivered the opinion of the court:

The plaintiff, Robert E. Halligan, brought suit against Evelyn Shulman, alleging that he was injured as the result of a collision between the automobile which he was driving and one driven by her at the intersection of McCormick Road and Devon Avenue in Lincolnwood, Illinois, on August 8, 1958. The complaint alleged, inter alia, that defendant "carelessly and negligently failed to apply the brakes on [her] said motor vehicle in sufficient time to stop said motor vehicle before causing it to come into collision with the automobile [of plaintiff] as aforesaid." Miss Shulman filed an answer denying the material allegations of plaintiff's complaint and subsequently, by leave of court, filed a third-party complaint against Chrysler Corporation and Chrysler Motors Corporation. This complaint was stricken, and she was given leave to file an amended third-party complaint which alleged in substance that defendants were engaged in the business of manufacturing, selling, and distributing Dodge Coronet automobiles, and through an authorized agent and dealer sold to a member of her family a 1957 Dodge Coronet convertible prior to the

date of the accident; that in the exercise of due care and caution for her own safety and that of others on the highway, while driving said Dodge Coronet, she collided with Halligan's car which had been brought to a stop at the intersection of McCormick Road with Devon Avenue; and that when she applied the brakes of her car they failed to work, as a result of which she ran into and struck the rear of Halligan's vehicle. With respect to the duty of the Chrysler corporations in the premises and their violation thereof, the balance of the complaint alleges that the Chrysler corporations knew or in the exercise of care should have known that if the Dodge Coronet convertible was defectively manufactured or negligently inspected so that defects therein were not discovered prior to its delivery, the Dodge Coronet convertible would be a dangerous instrumentality, and that it was the duty of the Chrysler corporations to exercise ordinary care commensurate with the danger involved in the design, manufacture, assembly, and inspection of automobiles manufactured by them, and particularly the said Dodge Coronet convertible, to the end that it would be free from defects likely to cause injury to the persons and property of others; that the Chrysler corporations, in violation of their duty, negligently manufactured, assembled, constructed, and inspected the said Dodge Coronet convertible so that, when sold by the corporations, it was dangerous to third persons in its operation upon the highways; that as a proximate and direct result of the negligence of the Chrysler corporations the braking mechanism on the Dodge Coronet convertible was defective, imperfect, and so negligently constructed, assembled, and manufactured that it failed on the occasion in question, without prior notice to Miss Shulman; that any right of Halligan to recover against Miss Shulman "must result from passive negligence" on her part, and that the accident

"resulted directly and solely from the active negligence" of the corporations. Upon the corporations' motion the amended complaint was dismissed, and judgment for costs entered against Miss Shulman. The judgment order from which she appeals contained the finding required by section 50(2) of the Civil Practice Act (Ill. Rev. Stat. 1959, ch. 110) "that there is no just reason for delaying enforcement or appeal."

The bringing in of a third-party defendant in Illinois is authorized by subsection (2) of section 25 of the Civil Practice Act which reads in part as follows: "Within the time for filing his answer or thereafter by leave of court, a defendant may by third-party complaint bring in as a defendant a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him."

In the original complaint filed by Halligan he alleged that Miss Shulman was liable to him as a result of the careless and negligent, and wilful and wanton, operation of her automobile. In her answer she denied that she was guilty of any of the careless and negligent, or wilful and wanton, acts alleged in the complaint. The amended third-party complaint brings the Chrysler corporations into the proceeding. Miss Shulman therein alleged that the failure of the braking mechanism caused the accident which resulted in the injuries to Halligan. It thus appears on the face of the third-party complaint that if Halligan is able to prove the allegations of careless and negligent, and wilful and wanton, misconduct on the part of Miss Shulman, she would be an active tort-feasor and certainly not entitled to indemnity from the Chrysler corporations. It is equally clear from the face of the amended third-party complaint that if, as alleged by Miss Shulman, she was free from negligence and the accident occurred as the result of a defect in the braking mechanism of which she had no knowledge, Halligan

171

would be unable to recover damages from her. In either event, Miss Shulman would not be entitled to indemnity from the Chrysler corporations.

The third-party practice established by the statute is essentially the same as federal practice under federal rule 14, and federal courts have dismissed third-party complaints filed under that rule when it appeared clear on the face of the third-party complaint that the third-party plaintiff was entitled to no relief. Miss Shulman relies strongly upon her allegation that the injuries to Halligan were caused directly and solely as the result of brake failure. In Birdsong v. General Motors Corp., 99 F. Supp. 163 (D.C.Pa. 1951), the court had under consideration a motion to dismiss a third-party complaint filed by General Motors Corporation against Jacobs Brothers Chevrolet. The original plaintiffs had brought suit against General Motors Corporation, alleging the manufacture of an automobile with defective brakes. The third-party complaint alleged (p. 164) that "if plaintiff's accident was caused by the failure of or a defect in the brakes, 'it was due solely to third party defendant's negligence in failing to properly and efficiently adjust and repair said brakes' when the automobile was in for servicing . . . ." In dismissing the third-party complaint the court commented (p. 165): "General Motors' third-party complaint in effect alleges that plaintiffs' injuries were caused, not by General Motors' negligence in manufacturing defective brakes on plaintiffs' Chevrolet, but solely by Jacobs Brothers' negligence in adjusting, servicing and repairing these brakes on various occasions. If proved, this is a valid defense to plaintiffs' claim but it is not a valid theory for transferring liability under plaintiffs' claim."

In Fort v. Bash, 10 F.R.D. 626 (D. C. Pa. 1950), the court, in passing on a third-party complaint, said (p. 627): "A reading of the third-party complaint dis-

closes sole liability of the third-party defendant for the accident and resulting injuries, instead of liability of the third-party defendant to the defendant for all or part of plaintiff's claim against the defendant. In effect the third-party complaint attempts to eliminate the original defendant as a defendant and to substitute the third-party defendant as a defendant. The attempt must fail because it is the right of the plaintiffs to choose the party or parties against whom they wish to institute an action."

In Lipsman v. Warren, 188 N.Y.S.2d 426 (Sup. Ct. 1959), the court had occasion to consider a third-party complaint. Automobile passengers had brought suit against the owner and operator of a certain vehicle for injuries sustained as the result of an accident. Defendants filed a third-party complaint against a garage operator, charging that any injuries sustained by plaintiffs were due to his failure to inspect, repair, and adjust the brakes of the automobile when it was left with him for repairs. The trial court dismissed the third-party complaint, and the reviewing court affirmed the judgment, pointing out the essential inconsistency of such a pleading in the following language (p. 428): "If, as the defendants set forth in their third-party complaint and cross claim over the accident occurred as a result of the defective brakes, of which they had no notice or knowledge, they would, under such circumstances, be absolved from any wrong. An owner or operator of an automobile is not liable for the death or injuries of a guest occasioned through a mechanical defect in the car, although by inspection he might have discovered the fault, unless he knew of the dangerous condition and failed to warn his guest of such condition and the risk involved [citing New York cases]. If, on the other hand, he had such notice or knowledge, then he was himself an active tort-feasor

173

and, as such, may not avail himself of the impleader statutes [citing further New York cases]."

Miss Shulman's amended third-party complaint seeks indemnity from the Chrysler corporations for any damages that she should be required to pay Halligan, unless it should be determined that she was guilty of negligence. A finding of negligence against her would of necessity preclude any right to indemnity from the Chrysler corporations; at best she would be a joint tort-feasor with the corporations, and it is well settled in Illinois that there can be no contribution or indemnity between joint tort-feasors. This is expressly recognized in the Civil Practice Act provision (subsection (2) of section 25) under which Miss Shulman filed her third-party complaint; "nothing herein applies," concludes the subsection, "to liability insurers or creates any substantive right to contribution among tortfeasors or against any insurer or other person which has not heretofore existed." If Miss Shulman is not liable to Halligan there can be no indemnity; on the other hand, if she should be held liable it would be only because of her negligence which would in turn preclude any action for indemnity.

The well-pleaded allegations in Miss Shulman's amended third-party complaint necessarily lead to one of two conclusions: either (1) she is guilty of negligence insofar as Halligan is concerned and is a joint wrongdoer not entitled to obtain contribution or indemnity; or (2) she is not liable to Halligan, and consequently has no right to indemnity against the Chrysler corporations.

For the reasons indicated the judgment order of the Circuit Court striking the third-party complaint is affirmed.

Judgment order affirmed.

BURKE, P. J. and BRYANT, J. concur.