**Bernard Spivack, Plaintiff-Appellant, v. James Hara, Defendant-Appellee.**

Gen. No. 50,467.

First District, Third Division.

February 17, 1966.

Querrey, Harrow, Gulanick & Kennedy, of Chicago (John T. Kennedy, of counsel), for appellant.

Eugene F. Connell, of Chicago, for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

In this action for indemnity by one tortfeasor against another, judgment was entered for defendant on his motion to strike the complaint and dismiss the cause. The parties to this case were codefendants in an action brought by one Lenore Willens, who had been a passenger in the car of Hara when it was involved in a collision with Spivack's car. She charged Hara with wilful and wanton misconduct, as was required to make her case under the guest statute, and alleged negligence on the part of Spivack. Judgment was entered on verdict against both men for $25,000. This judgment was satisfied by each man paying one-half, and Spivack, plaintiff in the instant suit, seeks indemnity from Hara, defendant here, for that amount.

Plaintiff's theory is that his conduct, although found to be negligent, does not preclude his recovery against defendant, who was found guilty of wilful and wanton negligence. Plaintiff admits that his contention is a novel one, and he cites no precedent supporting it. Stressing

23

the distinction between the two classes of negligence, in that contributory negligence is not a bar to an action for wilful and wanton misconduct, but is a bar to recovery for ordinary negligence, he argues that contribution among joint tortfeasors should be enforced where the parties are not in pari delicto.

Defendant Hara contends that plaintiff's negligent operation of his automobile was a proximate cause of the injury and was within that classification of conduct labeled active negligence which forecloses plaintiff's right to obtain indemnity. We will consider the origin and nature of this principle.

To combat the harshness of a rule prohibiting contribution among tortfeasors in all cases, Illinois courts have developed certain exceptions where indemnity is allowed. In general these exceptions arise where the party seeking indemnity has been guilty of only "legal" or "technical" negligence, while the indemnitor has committed the "active" or "primary" negligence. The objective of the courts was stated in Gulf, M. & O. R. Co. v. Arthur Dixon Transfer Co., 343 Ill App 148, 98 NE2d 783, as follows: "to do justice within the law so that one guilty of an act of negligence—affirmative, active, primary in its character—will not escape scot-free, leaving another whose fault was only technical or passive to assume complete liability."

The usual case in which this exception is applied involves a specific relationship where the defendant incurring derivative liability has neither participated in the wrongful act nor known of the condition which caused the injury. Thus, in Moroni v. Intrusion Prepakt, Inc., 24 Ill App2d 534, 165 NE2d 346, this court held that an owner who had been held liable under the Scaffold Act could recover indemnity from the contractor whose employee was injured by the contractor's negligence, where the owner was shown to have no knowledge of the defec-

24

tive equipment. The court followed the general principle that "the rule against indemnity between tortfeasors does not apply between parties, one of whom is the active and primary wrongdoer and the other bears a passive relationship to the cause of the injury." John Griffiths & Son Co. v. National Fireproofing Co., 310 Ill 331, 141 NE 739; Gulf, M. & O. R. Co. v. Arthur Dixon Transfer Co., supra.

In the Moroni case, supra, the court was careful to distinguish Bohannon v. Joseph T. Ryerson & Son, Inc., 16 Ill App2d 402, 148 NE2d 602 (reversed on other grounds, 15 Ill2d 470, 155 NE2d 585), where an owner was denied indemnity from his general contractor and subcontractor because the owner himself was found guilty of negligence in supplying faulty materials. This form of negligence was differentiated from that in the Moroni case, where the owner's liability under the Scaffold Act had been based merely on his status as an owner.

In the Arthur Dixon case, supra, indemnity was introduced into a factual situation different from the owner-contractor cases. There, a railroad employee was injured when he was crushed between the railroad car on which he was riding and a truck belonging to Arthur Dixon Transfer Co. which had been negligently left too near the tracks. In holding that the railroad's complaint for indemnity from the trucker stated a cause of action, the court followed the active-passive distinction which had become settled law in cases involving derivative liability, but did not limit its application to instances where there was no participation by the indemnitee. That the train was in motion when the injury occurred was not considered as in itself establishing active negligence; nor was the railroad's settlement of an employee's claim under the Federal Employer's Liability Act thought to be conclusive on the issue of negligence in a suit for indemnity, especially since the case rested on pleadings

in which the railroad denied that it was negligent and the defendant had moved to strike.

■■ Plaintiff seeks an extension of the rule derived from the decisions granting immunity to one who has been held liable for technical negligence, arguing that his conduct is analogous to that of one who has not been the primary wrongdoer. To come within the rationale of these decisions, the plaintiff must show that the defendant was the real party at fault and that the plaintiff's liability was derived from a relationship which did not involve negligence or misconduct on his part. This in turn depends upon the issues which were submitted to the jury in the original suit brought by Willens. In that case an instruction was given outlining the grounds on which Lenore Willens sought recovery against Spivack and Hara. As to Spivack, the grounds were: (1) operating an automobile without keeping it under proper and sufficient control; (2) operating an automobile at an excessive rate of speed; and (3) failing to keep a proper lookout for other vehicles on the highway. Hara was charged with wilful and wanton conduct in that he operated his car at an excessive rate of speed. These were the charges on which the jury found against both Spivack and Hara. Spivack's conduct as so determined does not meet the standard of passivity which is necessary for indemnification, as set forth in the cases hereinbefore cited. The finding of the jury as to defendant Hara does not suggest conduct substantially more culpable than that of Spivack.

■■ The words wilful and wanton used in the charge and in the finding against Hara no longer have the connotation of wilfulness or even utter lack of restraint, but have been used to define a vague and somewhat shadowy area close to ordinary negligence. They do not imply that the defendant *intentionally* disregarded the safety of another. Schneiderman v. Interstate Transit Lines, Inc., 394 Ill 569, 69 NE2d 293; Cooper v. Cox, 31 Ill App2d 51,

175 NE2d 651. In the Schneiderman case, supra, the Illinois Supreme Court said that wilful and wanton conduct could occur through "a failure, after knowledge of impending danger, to exercise ordinary care to prevent it or a failure to discover the danger through recklessness or carelessness when it could have been discovered by the exercise of ordinary care." In the Cooper case, supra, this court commented upon that standard, noting that the language was quite close to that used to define ordinary negligence.

There is lacking in the instant case that clearly higher degree of culpability on the part of one of several joint tortfeasors which would warrant placing the entire burden upon him.

The judgment is affirmed.

Judgment affirmed.

SULLIVAN, P. J. and DEMPSEY, J., concur.