GLEN R. CHAPEL, Third-Party Plaintiff-Appellant, *v.* MARILYN THOMPSON, Third-Party Defendant-Appellee.

Third District    No. 77-304

Opinion filed December 6, 1977.—Rehearing denied February 21, 1978.

David B. Mueller, of Cassidy, Cassidy, Mueller & Price, of Peoria, for appellant.

George D. Browning and Daniel L. Johns, both of Westervelt, Johnson, Nicoll & Keller, of Peoria, for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

The action underlying this appeal is a third-party action brought by Glen R. Chapel against Marilyn Thompson for indemnification for a judgment against the third-party plaintiff by the original plaintiff, Terry Ulrich, for injuries sustained as a result of collision between the vehicles operated by the third-party plaintiff and third-party defendant while the original plaintiff was a passenger in the third-party defendant's car. On

the court's own motion, the third-party action was severed and the original cause proceeded through four days of trial. Settlement was agreed to prior to the return of the verdict.

Before the original cause proceeded to trial, the third-party defendant's motion to dismiss the third-party complaint was denied. However, on November 3, 1976, the third-party defendant filed a motion for summary judgment contending that the testimony of the third-party plaintiff during the trial on the original cause established that no genuine issue of fact remained.

The third-party plaintiff testified that, while operating his vehicle on Interstate 55, he was traveling in the center of three westbound lanes at a speed of from 60 to 70 miles per hour (then within the legal speed limit). After passing Highway 83, he moved his vehicle into the outermost lane and maintained his speed. Approximately one-half mile later, his vehicle collided with the rear of a Volkswagen which was also proceeding in the outermost lane after pulling into the lane from the outside shoulder of the highway. There were no other vehicles in the vicinity of the accident and the third party plaintiff further testified that, upon observing the Volkswagen, he applied his brakes but made no attempt to turn to the left.

In response to the motion for a summary judgment, the third-party plaintiff presented excerpts of testimony which related the following sequence of events: The Volkswagen was pulled off the driven part of Interstate 55 for the purpose of changing drivers. When the third-party plaintiff's vehicle reached a point approximately 100 feet to the rear of the Volkswagen, the Volkswagen, without utilizing any turn signal, pulled directly into the outside lane without gathering merging speed. Testimony of an expert witness established that as a maximum intended speed of the Volkswagen in first gear would be 15 miles per hour.

While the trial court had the motion for summary judgment under advisement, the third-party plaintiff presented a motion for leave to file an additional count II to the third-party complaint alleging a cause of action for contribution among joint tortfeasors. This motion was denied and, subsequently judgment was entered in favor of the third-party defendant based on the motion for summary judgment. The third-party plaintiff appealed.

■■ The first of three issues raised by the third-party plaintiff is whether the trial court erred by granting the motion for a summary judgment because the third-party complaint alleged a good cause of action for common law indemnity. The trial court, in denying the third-party defendant's motion to dismiss, determined that the third-party complaint stated a good cause of action. The fact that the trial court granted a summary judgment in favor of the third-party defendant does

not convince us that the trial court subsequently determined that the third-party complaint failed to state a cause of action. The standard applied by the trial court when deciding to grant or deny a motion for summary judgment is whether there exists a material question of fact which should be presented to the trier of fact. (Ill. Rev. Stat. 1975, ch. 110, par. 57(3).) There is no evidence in this case that the trial court applied any standard other than the proper one. As a result, we find that the third-party plaintiff's first issue raises no error warranting a reversal of the judgment of the trial court.

■■■ As a second issue, however, the third-party plaintiff asks us to determine whether a material issue of fact existed. Although a person who is passively negligent has a right to be indemnified from a person who is actively negligent, one who is guilty of active negligence has no right to indemnification. (*Carver v. Grossman* (1973), 55 Ill. 2d 507, 305 N.E.2d 161; *Gillette v. Todd* (1st Dist. 1969), 106 Ill. App. 2d 287, 245 N.E.2d 923.) For the indemnitee's act to be considered only as passive negligence, it must appear that he breached no affirmative duty to the plaintiff in the original cause. (*Burgdorff v. International Business Machines* (1st Dist. 1975), 35 Ill. App. 3d 192, 341 N.E.2d 122.) It has been held that following another vehicle too closely was active negligence (*Burgdorff v. International Business Machines* (1st Dist. 1975), 35 Ill. App. 3d 192, 341 N.E.2d 122) and that indemnification is not allowed where the person seeking indemnification failed to exercise proper control over his vehicle, drove at an excessive speed and failed to maintain a proper lookout. (*Spivack v. Hara* (1st Dist. 1966), 69 Ill. App. 2d 22, 216 N.E.2d 173.) In this case, the third-party plaintiff admits to driving at the then upper lawful limits of speed. Furthermore, the evidence presented at the trial on the original cause established that no other vehicles were in the vicinity of the accident and that the third-party plaintiff could have driven his vehicle to a lane other than the outermost of three westbound traffic lanes but he failed to do so, even after he observed the Volkswagen pull into his lane about 100 feet in front of him. More importantly, the third-party plaintiff testified that, although he recalls the Volkswagen having its lights on, he did not observe the Volkswagen until it was approximately 100 feet from his vehicle even though he was driving on a level stretch of highway. From this combination of facts the trial court properly determined that the third-party plaintiff's activity was such a breach of duty to the Thompson passenger as to constitute active negligence and, therefore, that there no longer existed a material question of fact to be presented to the trier of fact.

■■■ Lastly, the third-party plaintiff questions the propriety of the trial court's not allowing the third-party plaintiff to amend the third-party complaint by adding a count in which contribution is sought. While the

third-party plaintiff recognizes that Illinois law does not confer a right to contribution among joint tortfeasors, he argues that this issue of whether to allow such contribution is presently before the Illinois Supreme Court and this should have had some bearing on the trial court's decision. However, the fact that the Illinois Supreme Court is considering the issue does not alter the existing law. Where a cause of action is not recognized under the law, it is not error for the trial court to deny a request to amend the complaint. (See *Erickson v. Walsh* (3d Dist. 1973), 11 Ill. App. 3d 99, 296 N.E.2d 36.) Nor does the availability of the third-party action for indemnity create a substantive right to contribution among tortfeasors. Ill. Rev. Stat. 1975, ch. 110, par. 25(2).

Accordingly, the judgment of the Circuit Court of Peoria County is affirmed.

Affirmed.

STENGEL, P. J., and STOUDER, J., concur.