THOMAS J. RADOSTA, Plaintiff-Appellant, *v.* CHRYSLER CORPORA-TION *et al.*, Defendants-Appellees.

First District (4th Division)   No. 81—2929

Opinion filed December 9, 1982.

Frank Glazer, Ltd., of Chicago, for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith and Stanley J. Davidson, of counsel), for appellees.

JUSTICE ROMITI delivered the opinion of the court:

In 1972 plaintiff Radosta, while driving on the Calumet Expressway, lost control of his truck and collided with a car driven by Patrick Millette. Millette sued Radosta in negligence and the manufacturer and seller of the truck in strick liability and (as to the dealer) negligence and (as to the manufacturer) wilful and wanton conduct because the steerage in Radosta's truck was defective and this defect was known to the manufacturer. Radosta counterclaimed against the dealer and manufacturer in both strict liability and negligence for the damage to the truck. He did not file a third-party complaint against either the dealer or the manufacturer for indemnification for any liability he might sustain in Millette's action against him although such third-party action was permitted by section 25(2) of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 25(2)). The jury returned verdicts for Millette and against all three defendants, and for Radosta and against the dealer and manufacturer. This court affirmed in *Millette v. Radosta* (1980), 84 Ill. App. 3d 5, 404 N.E.2d 823, *appeal denied* (1980), 81 Ill. 2d 593. Among other issues, the court ruled that the verdicts for and against Radosta were not inconsistent since while, as Radosta admitted, if he was so negligent as to be liable to Millette he could not recover on his own claim in negligence, he could still recover in strict liability.

As noted above, Radosta in the original action did not seek indemnity for Millette's claim against him. Accordingly, having paid that judgment (or some part thereof—the record is contradictory as to exactly how much he paid), he has filed this action seeking indemnification "for the reason that the primary misconduct causing Millette's injury was the defect in the product [Radosta's vehicle] while Plaintiff's misconduct, if any, was passive or secondary." Defendants initially moved to dismiss the complaint on the basis that in the original action

Radosta had been found guilty of active misconduct and that that finding was binding on him barring any recovery in this action. Radosta responded by contending that he was not suing on the theory of active-passive negligence but in strict liability; he did not, however, amend his complaint which only alleged that defendants were active tortfeasors and his negligence was only passive. Defendants in their reply raised this pleading defect and then contended that Radosta was barred by *res judicata* from seeking a second recovery in strict liability.

The trial court found that any claim for indemnification was barred by *res judicata* and dismissed the complaint.

We affirm the holding because: (1) regardless of whether the claim is one in negligence or strict liability, it is barred by *res judicata* since it arose out of the same group of operative facts in the first action and it could have been raised at that time; and (2) Radosta is collaterally estopped by the judgment in the first action from denying that he was actively negligent.

## I

Radosta, relying on *Security Insurance Co. v. Mato* (1973), 13 Ill. App. 3d 11, 298 N.E.2d 725, contends that since section 25(2) of the Civil Practice Act is only permissive, the party may wait until after he is found liable before filing a claim for indemnity. This is true; it is also irrelevant. The issue here is not whether Radosta could have waited until after the conclusion of the first action before making any claim against the defendants (see, for example, *City of Burbank v. Glazer* (1979), 76 Ill. App. 3d 294, 395 N.E.2d 97, where none of the issues between the co-defendants was litigated in the initial action). Rather, the issue here is whether Radosta having elected to counter-claim against the defendants in the initial action could split his cause of action, seeking recovery for only some of the damages sustained in the first suit and seeking to recover the rest of the damages arising out of the accident in the second action.

██ Illinois, like most States, as a matter of public policy generally does not permit splitting causes of actions. (46 Am. Jur. 2d *Judgments* sec. 405 (1969).) As this court held in *Baird & Warner, Inc. v. Addison Industrial Park, Inc.* (1979), 70 Ill. App. 3d 59, 387 N.E.2d 831, *appeal denied* (1979), 79 Ill. 2d 609, *in accord, Morris v. Union Oil Co.* (1981), 96 Ill. App. 3d 148, 421 N.E.2d 278, *appeal denied* (1981), 85 Ill. 2d 567, generally a plaintiff cannot divide an entire demand or cause of action so as to maintain several actions for his recovery; he cannot indulge in piecemeal litigation. Thus an entire claim

arising from a single tort cannot be divided and be the subject of several actions regardless of whether or not the party suing has recovered all he might have recovered. This is true even as to prospective damages, as our courts have held that there cannot be successive actions brought for a single tort as damages in the future are suffered but the one action must embrace prospective as well as accrued damages. (*Melohn v. Ganley* (1951), 344 Ill. App. 316, 100 N.E.2d 780; *Lake E. & W. Ry. Co. v. Purcell* (1897), 75 Ill. App. 573; 23A Ill. L. & Prac. *Judgments* sec. 339 (1979).) This rule is founded upon the plainest and most substantial justice, that litigation should have an end and that no person should be unnecessarily harassed with a multiplicity of lawsuits. *Baird & Warner, Inc. v. Addison Industrial Park, Inc.* (1979), 70 Ill. App. 3d 59, 387 N.E.2d 831, *appeal denied* (1979), 79 Ill. 2d 609.

■■ Since the parties in the two actions are the same, the claims here are barred under the doctrine of *res judicata* as they arose out of the same cause of action as those in Radosta's counterclaim. (*Baird & Warner.*) It is immaterial that Radosta seeks different damages here since the assertion of different kinds of relief or different damages still constitute a single cause of action if a single group of operative facts give rise to the assertion of relief (*Morris; Baird & Warner; Melohn*) and Radosta could have joined the second claim in the first action. Radosta's claim in both actions is based on the claim that defendants sold him a vehicle with defective steering which caused an accident and that defendants should be liable for damages resulting therefrom, and the fact that the second action is based on proof that he paid funds to another does not make this a different cause of action from the first. *Melohn.*

## II

■■■ Radosta's claim is also barred because he is collaterally estopped from denying that he was actively negligent. An indemnitee is bound for all necessary findings in the ·underlying actions. (*Preston v. National Broadcasting Co.* (1971), 133 Ill. App. 2d 200, 272 N.E.2d 700.) It is clear from the pleadings in the earlier case that the jury found Radosta liable either because he was negligent in operating the vehicle and lost control of it causing the accident, or because he drove the vehicle when he knew or should have known of the steering defect and that such defect was dangerous and could lead to an accident or on both grounds. But either ground constitutes active negligence barring indemnification. (*Halligan v. Shulman* (1961), 31 Ill. App. 2d 168, 175 N.E.2d 590.) An indemnitee's negligence resulting in his los-

ing control of his vehicle is active misconduct as a matter of law and bars his claim of indemnity. (*Chapel v. Thompson* (1977), 56 Ill. App. 3d 548, 372 N.E.2d 95.) Likewise, a person operating a vehicle with knowledge of a serious defect which might cause an accident is guilty of active negligence and cannot seek indemnification. (*Halligan v. Shulman* (1961), 31 Ill. App. 2d 168, 175 N.E.2d 590.) Accordingly, regardless of which ground formed the basis of Radosta's liability, he was convicted of active negligence and barred as a matter of law from recovering from defendants.

■ Radosta has contended in his brief below and in his reply brief on appeal that he was seeking recovery in strict liability and that the doctrine of active-passive negligence was inapplicable. However, as noted earlier, Radosta's complaint only alleged an action in negligence and even after defendants pointed out this defect Radosta did not amend his complaint. While a complaint must be liberally construed, this court cannot read in allegations that are totally absent. An allegation in active-passive negligence clearly fails to meet the test of section 42(2) of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 42(2)) that the pleadings put the defendant on notice that he must contest a claim in strict liability.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

JOHNSON, P.J., and LINN, J., concur.